IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUSTEES OF THE TEXAS CARPENTERS & MILLWRIGHTS HEALTH & WELFARE FUND, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-06-246-M ) |
| KHALEEL SAYYED, | ) ) |
| Defendant. | ) ) |

**TEMPORARY RESTRAINING ORDER**

Before the Court is plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, filed March 13, 2006. On March 24, 2006, after providing notice to defendant's attorney, the Court held a hearing on plaintiff's motion for temporary restraining order. Plaintiff's counsel appeared at the hearing;[1] however, neither defendant nor his counsel appeared.

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order directing defendant, as well as his counsel and other agents, to preserve the proceeds of the settlement of the tort action, that was brought by defendant against the party responsible for the injuries for which plaintiff has paid benefits, in a separate trust account pending the final ruling of this Court.

I.   Introduction[2]

Plaintiff is a fiduciary of the Texas Carpenters & Millwrights Health & Welfare Fund ("Fund"). The Fund operates pursuant to written documents known as the "Plan." Defendant was

---

[1] At the hearing, plaintiff's counsel stood on the arguments set forth in plaintiff's motion.

[2] The information contained in this Introduction is based upon plaintiff's Complaint.

a participant in the Fund.

Defendant was injured in a propane gas tank fire that occurred on or about June 13, 2000. In connection with the injuries suffered by defendant, plaintiff has paid benefits to or on his behalf in the amount of $80,384.76.  Defendant brought an action against the parties responsible for his injuries, and plaintiff believes that defendant has now settled his case against these parties for an undisclosed amount.

The Plan contains a Subrogation and Reimbursement provision.  Defendant has repeatedly informed the Fund that he would not honor the Fund's requests for reimbursement.  As a result, plaintiff has filed the instant action seeking equitable relief, including, but not limited to, restitution for the amount of benefits it has paid to defendant.

II.     Discussion

The party seeking a temporary restraining order must demonstrate: (1) it will suffer irreparable injury in the absence of the requested relief; (2) the alleged injury to the movant outweighs the injury to the party opposing the motion; (3) the requested relief would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).  The Tenth Circuit employs a "modified requirement as to the likelihood of success" if "the movant has established the other three requirements for a preliminary injunction."  *Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194-95 (10th Cir. 1999).  Under the modified standard, a movant may satisfy the likelihood of success requirement "by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation . . . ."  *Id.*

Having carefully reviewed plaintiff's motion, the Court finds that plaintiff has satisfied the requirement that it demonstrate irreparable injury in the absence of the requested relief. The Tenth Circuit has held that an ERISA reimbursement suit for restitution is "appropriate equitable relief" under ERISA as long as the settlement funds remain traceable. *Admin. Comm. of the Wal-Mart Assocs. Health and Welfare Plan v. Willard*, 393 F.3d 1119, 1121, 1126 (10th Cir. 2004). Accordingly, plaintiff faces the threat of irreparable harm because it could be deprived of any remedy if defendant were to dissipate the proceeds of the settlement in a manner which is not traceable. Thus, the Court finds that plaintiff has satisfied the first factor in the four-factor test.

The Court further finds that plaintiff has demonstrated that the balancing of relative harms weighs in favor of plaintiff. Specifically, the Court finds that defendant will not suffer any harm if the relief requested is granted; defendant would simply be required to preserve the proceeds of the settlement in a separate trust account pending the final ruling of this Court. In contrast, if injunctive relief does not issue, plaintiff faces the possibility of a complete forfeiture of its subrogation and reimbursement interest should defendant dissipate the settlement proceeds. Accordingly, the Court finds that plaintiff has satisfied the second factor in the four-factor test.

Additionally, the Court finds that plaintiff has demonstrated that the requested relief, if granted, would not be adverse to the public interest. Specifically, the Court finds that the requested relief would be in the public interest because it would serve to preserve this Court's ability to afford plaintiff a remedy in the event the Court resolves this case in its favor. Further, the Court finds that granting a temporary restraining order is in the public interest when an ERISA plan's reimbursement rights are at issue. Therefore, the Court finds that plaintiff has satisfied the third factor in the four-factor test.

Finally, having concluded that plaintiff has satisfied all three of the preceding factors, the Court concludes the "modified" likelihood of success requirement should apply. *See Federal Lands*, 195 F.3d at 1194-95. Having carefully reviewed plaintiff's motion, the Court finds that "questions going to the merits are so serious, substantial, difficult, and doubtful as to make [the issues raised in this case] ripe for litigation . . . ." *Id.* Specifically, the Court would find that based upon the relevant provisions of the Plan, it does appear that the Plan grants plaintiff the right of subrogation and reimbursement to settlement proceeds. Because this Court finds that serious questions remain regarding plaintiff's right to subrogation and reimbursement, the Court finds that plaintiff has satisfied the four-factor test for a temporary restraining order.

III.    Conclusion

Therefore, for the reasons set forth above, the Court concludes that a temporary restraining order shall issue in this case. Accordingly, the Court hereby ORDERS defendant Khaleel Sayyed, as well as his counsel and other agents, to preserve the proceeds of the settlement of the tort action, that was brought by defendant against the party responsible for the injuries for which plaintiff has paid benefits, in a separate trust account pending the Court's determination whether preliminary injunctive relief is appropriate at a hearing to be held on Friday, April 14, 2006 at 10:30 a.m., or at such other time as this Court may direct.

In view of the limited duration of this Temporary Restraining Order, and the absence of any identifiable harm to defendant in the event the Temporary Restraining Order is later found to have been improperly issued, the Court declines to require plaintiff to post bond pursuant to Federal Rule of Civil Procedure 65(c). *See Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964) (finding that under Rule 65(c), "the trial judge has wide discretion in the matter of requiring security

and if there is an absence of proof showing a likelihood of harm, certainly no bond is necessary").

The Court hereby SETS this matter for hearing on Friday, April 14, 2006, at 10:30 a.m., to determine whether preliminary injunctive relief is appropriate.

**IT IS SO ORDERED this 24th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE